# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1355 | **DATE** | March 3, 2011 |
| **CASE TITLE** | Ronnie Romaine (#2010-1108213) v. Illinois Department of Corrections, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The Court authorizes Cook County Jail officials to deduct $21.06 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. However, summonses shall not issue at this time. Plaintiff's complaint is dismissed without prejudice. Plaintiff is granted thirty days to submit an amended complaint (plus a judge's copy and service copies). The Clerk is directed to provide Plaintiff with an amended civil rights complaint form and instructions. Failure to submit an amended complaint within thirty days of the date of this order may result in summary dismissal of this case in its entirety.

■ **[For further details see text below.]**  **Docketing to mail notices.**

## STATEMENT

Plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff appears to claim that he was given constitutionally inadequate dental care when he was incarcerated at Lawrence Correctional Center. He also appears to complain that he has been denied dental care completely at the Cook County Jail, although he does not appear to name any Cook County Officials as Defendants. Additionally, although the body of Plaintiff's complaint alleges denial of adequate dental care, the grievances that Plaintiff attaches to his complaint detail inadequate medical care relating to pain management for a prior gunshot wound to his head.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $21.06. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.
**(CONTINUED)**

AWL

| STATEMENT (continued) |
| --- |

However, Plaintiff must submit an amended complaint, as the complaint presently on file is deficient in several ways. First, it appears that Plaintiff is complaining about dental care at both the Cook County Jail, and at Lawrence Correctional Center, a facility run by the Illinois Department of Corrections. As such, the complaint contains misjoined claims against unrelated Defendants. See *George v. Smith*, 507 F.3d 605 (7th Cir. 2007). The inadequate care that Plaintiff alleges he received from state dentists at Lawrence Correctional Center is unrelated to the complete lack of dental care Plaintiff alleges against Cook County officials at the county jail. Because the claims are unrelated and are brought against different Defendants, Plaintiff must amend.

Second, Plaintiff appears to name as Defendants only individuals who work for the state at Lawrence Correctional Center. Lawrence Correctional Center is located in Lawrence County, Illinois, which lies within the Southern District of Illinois federal judicial district. See 28 U.S.C. § 93(c). Under 28 U.S.C. § 1391(b), a civil rights action under Section 1983 may be brought only in: (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. If Plaintiff seeks to bring suit against Lawrence Correctional Center officials, he should do so in the district court for the Southern District of Illinois, where venue is proper.

Third, if Plaintiff is seeking to allege deliberate indifference to a serious medical condition (dental) at the Cook County Jail, Plaintiff must name as Defendants those persons at the Cook County Jail who have provided him with inadequate care. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).

It appears that Plaintiff has named primarily supervisory Defendants from Lawrence Correctional Center. Section 1983 does not create collective or vicarious responsibility. *Id.* Supervisors cannot be held liable for the errors of their subordinates. *Birch v. Jones*, 2004 WL 2125416, at *6 (N.D. Ill. Sep. 22, 2004) (citing *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992)). "Supervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citations omitted). To be held liable under 42 U.S.C. § 1983, supervisors "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Id.* In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery. *Hildebrandt v. Illinois Dept. of Natural Resources*, 347 F.3d 1014, 1039 (7th Cir. 2003). Thus, in his amended complaint, Plaintiff should identify those officials who were personally responsible for providing him with inadequate dental care at the Cook County Jail, to the extent he is able.

If Plaintiff cannot identify the individuals whom he believes are responsible for the alleged constitutionally deficient dental care at the Cook County Jail, he should name a supervisory official and "John Doe" Defendants. Once Plaintiff has obtained service on the supervisory Defendant, and an attorney has entered an appearance on his/her behalf, Plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of the Defendants who allegedly violated Plaintiff's constitutional rights. See Fed. R. Civ. P. 33. After Plaintiff learns the John Doe Defendants' identities, he may seek leave to amend the complaint to substitute their names for those of the John Does. Summonses will then issue for service on the Defendants in interest. Plaintiff is advised that there is a two-year statute of limitations for civil rights actions; he should therefore
**(CONTINUED)**

| STATEMENT |
|---|

attempt to identify the John Does as soon as possible. See *Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); see also *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cr. 1980).

    For the foregoing reasons, the Court dismisses the complaint on file without prejudice. Plaintiff is granted thirty days in which to submit an amended complaint. The amended complaint should name as Defendants persons whom Plaintiff believes were involved in providing him with inadequate dental care (or, if he cannot identify them at this time, their supervisor). Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the Court, Plaintiff must provide an extra copy for the judge; he must also submit a sufficient number of copies for service on each Defendant named in the amended complaint.

    Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.

    The Clerk will provide Plaintiff with an amended complaint form and instructions. If Plaintiff fails to comply within thirty days, the case will be summarily dismissed on the understanding that Plaintiff does not wish to pursue his claims in federal court at this time.